1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                                EASTERN DISTRICT OF CALIFORNIA

10

LEONARD BROWN,                          )      1:08-cv-01515 YNP [DLB] (HC)
11                                      )
                    Petitioner,         )      ORDER GRANTING RESPONDENT'S
12                                      )      MOTION TO DISMISS
        v.                              )      [Doc. #8]
13                                      )
                                        )      ORDER DISMISSING PETITION
14   NEIL H. ADLER, Warden              )
                                        )      ORDER DIRECTING CLERK TO ENTER
15                  Respondent.         )      JUDGEMENT
     _____)

16

17          Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

18   pursuant to 28 U.S.C. § 2241.

19                                         **BACKGROUND**

20          Petitioner was convicted of attempting to possess with intent to distribute 100 kilograms or

21   more of marijuana and sentenced to 262 months in prison, $10,000 in fines, and $100 assessment.

22   (MTD at 2, Ex. B).   Prisoner is currently housed at the Taft Correctional Institution where he is

23   enrolled in the Inmate Financial Responsibility Program (IFRP), which assists inmates pay their fines

24   and assessments during their incarceration.  (MTD at 2).

25          In this petition, Petitioner challenges the Federal Bureau of Prisons' (BOP) authority to

26   schedule inmates' restitution payments through the imposition of the IFRP and also claims that his

27   participation in the IFRP is not voluntary because the BOP gives advantages to those who are

28   enrolled and sanctions to those who are not.  (Pet. at 3).  On November 14, 2008, Respondent filed a

1  motion to dismiss.  (Doc. #8).  Petitioner did not file an opposition to the motion.  It is Respondent's

2  motion to dismiss that will be considered herein.

**DISCUSSION**

Jurisdiction

5  Petitioner's claims are proper under 28 U.S.C. § 2241 and not 28 U.S.C. § 2255 because they

6  concern the manner, location, or conditions of the execution of petitioner's sentence and not the fact

7  of petitioner's conviction or sentence.  Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir.1990) (stating

8  that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus

9  filed pursuant to 28 U.S.C. § 2241");  Montano-Figueroa v. Crabtree, 162 F.3d 548, 549 (9th

10  Cir.1998) (per curiam) (allowing a federal prisoner to use § 2241 to challenge the BOP's restitution

11  policies).

Federal Rule of Civil Procedure 12(b)(6)

13  Respondent argues that Petitioner's petition should be dismissed pursuant to Federal Rule of

14  Civil Procedure 12(b)(6) because Petitioner has failed "to state a claim upon which relief can be

15  granted."  Both of the claims made by Petitioner have been foreclosed by the Ninth Circuit.  See

16  Lemoine v. United States, 546 F.3d 1042 (2008).  The petitioner in Lemoine filed a habeas petition

17  pursuant to § 2241 which, among other things, challenged the BOP's authority to schedule inmate

18  restitution payments though the imposition of the IFRP and claimed that his participation in the IFRP

19  was involuntary.  Id. at 1044-46.  The Ninth Circuit held that "the BOP's operation of the IFRP does

20  not constitute an unlawful delegation of authority to schedule restitution payments in violation of the

21  MVRA" and that the petitioner's participation in the IFRP is voluntary even though "he would have

22  been denied certain privileges if he had refused to join the program."  Id. at 1046.  The claims

23  brought by Petitioner in the instant case mirror two of those brought by the petitioner in Lemoine,

24  and the Ninth Circuit found that the petitioner in Lemoine was not due relief for those claims.

25  Petitioner presented no facts and made no arguments that distinguishes his case from Lemoine,

26  which means that, even when we assume the truth of the facts as alleged in Petitioner's complaint, he

27  cannot receive habeas relief.

28  ///

1

**CONCLUSION**

2      Petitioner has failed to present a claim for which relief can be granted; therefore, his petition

3  must be dismissed.

4

**ORDER**

5      It is hereby ORDERED that:

6      1) Respondent's motion to dismiss is GRANTED;

7      2) The petition for writ of habeas corpus is DISMISSED with prejudice;

8      3) The clerk of the court is DIRECTED to enter judgement; and

9      4) As this petition arises under § 2241, a certificate of appealability is not required.  Forde v.

10  U.S. Parole Comm'n, 114 F.3d 878, 879 (9th Cir. 1997).

11

       IT IS SO ORDERED.

12

     **Dated:    October 13, 2009              /s/ Dennis L. Beck**

13                                            UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28